[885 NYS2d 722]

In the Matter of Fawn D. Balliro (Admitted as Fawn Daveen Balliro), an Attorney, Respondent. Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts, Petitioner.

Second Department, September 22, 2009

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The application to impose reciprocal discipline is predicated upon an order of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts, dated January 29, 2009 (453 Mass 75, 899 NE2d 794 [2009]), which suspended the respondent for a period of six months.

On March 19, 2009, the respondent informed Grievance Counsel that she did not plan to submit a verified statement in response to the notice pursuant to 22 NYCRR 691.3 and that she understood that in the absence of such a statement, this Court would be free to take such disciplinary action as it deems appropriate.

At the time of the underlying misconduct, the respondent was an Assistant District Attorney in Massachusetts. She had been the victim of a domestic assault in Tennessee in 2005 as a result of a romantic relationship with an individual named Greg Knox, but refused to press charges or make a statement to the police.

She advised Knox not to talk with the police and asked them to leave. The police handcuffed the respondent and told her that she was under arrest for disorderly conduct and obstruction of justice. The respondent denied that Knox had hit her and claimed that she was assaulted while walking home. The police officer, who had driven the respondent to the apartment, arrived at the scene and informed the other officers that the respondent was uninjured when he saw her. The respondent did not allow herself to be photographed and she refused to sign the police report. She told police that she refused to press charges against the person who allegedly assaulted her on her way home. The police arrested Knox and charged him with two counts of domestic assault. The next morning, the respondent secured his release on bail and the two reconciled.

Two or three weeks later, Knox visited the respondent in Massachusetts and informed her that he was on probation for drug charges and would go to jail if he violated his probation. He did not know who would support his two minor daughters if he went to jail because his former wife was unemployed.

Concluding that Knox would be incarcerated if convicted, the respondent created a story about falling and injuring herself. She asked the victim witness advocate to inform the District Attorney that she would not press charges. In March 2005, the respondent received a summons to testify at Knox's trial. She did

not consult an attorney because she was embarrassed by the incident and did not actually expect to have to testify.

The trial was held in Nashville Court of General Sessions on April 21, 2005. The Assistant District Attorney on the case had not yet been admitted to the bar and had no formal training in domestic violence cases. He told the respondent that it was not possible to drop the charges and that he thought she was lying. The respondent testified under oath that she had fallen on a piece of furniture in Knox's apartment. The charges against Knox were dismissed and the respondent returned to Massachusetts.

In December 2005, a Tennessee District Attorney wrote to the Massachusetts District Attorney in whose office the respondent worked and informed her about the respondent's false testimony. The respondent was suspended from her job and advised to obtain counsel.

On June 2, 2006, Massachusetts bar counsel commenced formal proceedings against the respondent based on her false statements to the police and false testimony under oath at Knox's trial. The respondent admitted the substantive allegations but stated that her intoxication on the night of the incident, her physical abuse by Knox, and her precarious psychological state at the time she testified constituted special factors which rendered her statements not of her own volition.

The hearing committee found that while the respondent's psychological state at the time of her false testimony was a causal factor in giving such testimony, it did not so impair her that she was unable to form the mental state—knowing falsity—required for a violation of the Massachusetts disciplinary rules. The committee found that the respondent made a conscious decision, based on emotions, to give false testimony, and any impairment she suffered did not negate the elements of her offenses.

Given the substantial mitigating circumstances presented and noting that a more experienced prosecutor would not have forced the respondent to testify at Knox's trial in the absence of consulting with independent counsel, the board agreed that a public reprimand was the appropriate sanction.

At bar counsel's request, the board filed an information with the County Court and a hearing was held. The thrust of bar counsel's argument is that the respondent's misconduct warrants a suspension of a year and a day, given that the minimum

sanction for false statements under oath by an attorney is two years. Balancing the equities, the Massachusetts court concluded that the respondent's misconduct warranted a six-month suspension.

Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the Grievance Committee's application for the imposition of reciprocal discipline is granted and the respondent is suspended in New York for a period of six months, with reinstatement in New York contingent upon her reinstatement in Massachusetts.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, Fawn D. Balliro, admitted as Fawn Daveen Balliro, is suspended from the practice of law for a period of six months, commencing October 22, 2009, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than 30 days prior to the expiration of the said period of six months with reinstatement in Massachusetts being a precondition to reinstatement in New York, upon furnishing satisfactory proof that during that period she: (1) refrained from practicing or attempting to practice law, (2) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4); and (4) has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Fawn D. Balliro, admitted as Fawn Daveen Balliro, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Fawn D. Balliro, admitted as Fawn Daveen Balliro, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or

any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Fawn D. Balliro, admitted as Fawn Daveen Balliro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).